**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JORGE L. SANCHEZ, BAR NO. 10434.

No. 67182

FILED

SEP 21 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Jorge L. Sanchez. Under the agreement, Sanchez admitted to violations of RPC 1.1 (competence—25 counts), RPC 1.2 (scope of representation and allocation of authority between client and lawyer—2 counts), RPC 1.3 (diligence—26 counts), RPC 1.4 (communication—27 counts), RPC 1.5 (fees—25 counts), RPC 1.15 (safekeeping property—22 counts) RPC 1.16 (declining or terminating representation—19 counts), RPC 1.17 (sale of law practice—15 count), RPC 3.2 (expediting litigation—1 count), RPC 8.1(b) (bar admission and disciplinary matters—28 counts), and RPC 8.4 (misconduct—27 counts).[1]

---

[1]In 2010, Sanchez and the State Bar filed a joint petition for an order temporarily suspending Sanchez from the practice of law pending the resolution of the disciplinary proceedings at issue in this case. This court granted the petition, *In re Discipline of Jorge L. Sanchez*, Docket No.

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-28535

The agreed-upon discipline provides for a five-year suspension, commencing on December 8, 2014, followed by a three-year probationary period if Sanchez is reinstated to the practice of law. In addition, Sanchez must comply with the following conditions:

(a) continue his treatment in accordance with Dr. DiTomasso's recommendations dated November 22, 2014;

(b) obtain and provide bar counsel with an updated evaluation from his current treating physician, who must be approved by the State Bar, every three months during the three-year probationary period and follow any amended recommendations contained in the updated evaluation reports;

(c) abstain from drugs, except as prescribed by his licensed physician and filled by a local pharmacy;[2]

(d) obtain a mentor approved by the State Bar who is responsible for submitting quarterly reports to bar counsel during the three-year probationary period;

_____

*. . . continued*

56126 (Order of Temporary Suspension, June 23, 2010), and Sanchez has been suspended from the practice of law since then. He was ordered to comply with the provisions of SCR 115 at that time, *id.*, and based on the record currently before this court it appears that he has complied with that directive.

[2]The exception of prescribed medications does not include mind altering drugs obtained via the Internet or stimulant types of weight control drugs.

(e) sign a HIPPA authorization to allow bar counsel to obtain any medical reports related to Sanchez's treatment during the three-year probationary period so that bar counsel can monitor whether Sanchez is complying with the terms and conditions of the plea agreement;

(f) submit quarterly reports to bar counsel during the three-year probationary period regarding all trust accounts in Sanchez's name or in the name of any other person on behalf of any of Sanchez's business entities in which client monies are placed;

(g) meet with his mentor twice a month to discuss his calendar, his workload, his stress levels and how he is managing them, his goals, and any other issues pertaining to his legal practice;

(h) promptly comply with the State Bar's requests for information;

(i) not be convicted of any crime with the exception of minor traffic infractions that do not involve alcohol or controlled substances;

(j) retake and successfully pass the Nevada State Bar Examination and MPRE before applying for reinstatement;

(k) successfully complete a State Bar approved CLE course concerning the proper use and maintenance of trust accounts;

(l) pay all outstanding legal fees to his counsel (Rebecca Miller and William Terry);

(m) pay the entire restitution amount[3] or show detailed proof of a good faith effort to consistently

---

[3]The panel's recommendation includes a total restitution amount of $118,864.18 and includes a breakdown of restitution due by grievance

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

comply with the repayment requirement during the full term of his suspension and, if reinstated to the practice of law before restitution is paid in full, pay the remaining amount due during the three-year probationary period.

Finally, the agreed-upon discipline requires Sanchez to pay the actual costs of the disciplinary proceeding (excluding Bar Counsel and staff salaries) within 90 days of receipt of the State Bar's bill of costs or pursuant to a payment plan approved by the State Bar.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1); *see also In re Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (explaining that four factors must be weighed in determining the appropriate discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"). We hereby impose a five-year suspension, with the period of suspension beginning on December 8, 2014. Sanchez shall comply with all conditions, as outlined above, and shall pay the costs of

---

*. . . continued*

number and client. Sanchez, however, has submitted a motion to supplement the record with a stipulation executed by Sanchez's counsel, bar counsel, and the panel chair. The stipulation indicates that the total restitution amount is $101,244.28 and specifies the reduction in restitution amounts for specific grievances. We direct the clerk of this court to file the motion received on May 19, 2015, and we grant that motion and direct the clerk of this court to file the stipulation received on May 19, 2015.

the disciplinary proceedings (excluding bar counsel and staff salaries) within 90 days or as provided in a payment plan approved by the State Bar. SCR 120. Sanchez shall comply with SCR 115 and 116, and the State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chair, Southern Nevada Disciplinary Panel
Cooper Coons Ltd.
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, U.S. Supreme Court Admissions Office

SUPREME COURT
OF
NEVADA

(O) 1947A